Welch, J.
The only significant issue raised by defendants’ motion is whether the award of attorneys fees in this Donahue-type personal freeze-out action was appropriate. The First Circuit, interpreting Massachusetts law, opined that such an award was not appropriate except in extraordinary situations. Sugarman v. Sugarman, 797 F.2d 3, 15 (1986). The issue, however, remains undecided by the state appellate *295 courts. Crowley v. Communications for Hospitals, Inc., 30 Mass. App. at f.n. 21 (1991). The Massachusetts decisions indicate that the trial judge retains some discretion in deciding whether to award fees in such an action. See, e.g., Smith v. Atlantic Properties, Inc., 12 Mass. App. 201, 211 (1981). This is particularly true if the litigation produced some tangible benefit to the corporation. Martin v. F.S. Payne, 409 Mass. 753, 759 (1991) (reserving on “whether intangible corporate benefits . . . could ever justify an award of attorneys’ fees”); Cain v. Cain, 3 Mass App. 467, 479 (1975).
The end result is that this court confronts a problem which is at the edge of the decisional law. The better rule in this situation is to permit the trial court to utilize its discretion in deciding whether to award attorneys fees in a Donahue-type action where direct relief is ordered. In the peculiar circumstances of this case, an award of attorneys fees appears appropriate. Although the individual plaintiff was the primary beneficiary of this Donahue-type proceeding, the corporation did obtain some financial benefit (e.g. by paying some compensation as profit, the company’s money goes substantially farther because of beneficial tax consequences).
Furthermore, this case presented a rather blatant freeze-out attempt by the two other shareholders. If the attorneys fees for the defendants were paid by the corporation, that expenditure did not benefit the corporation in the slightest. The plaintiffs fees at least produced some benefit to the corporation. Thus, equity requires that the defendants reimburse the plaintiff for this expense. However, if the individual defendants are willing to individually pay all the attorneys fees incurred by the defendants, this court would reconsider its award of attorneys fees to the plaintiff.
Finally, although much of the injunctive relief awarded might be considered an “intangible benefit” to the corporation, it is veiy likely to produce a tangible benefit to the corporation in the future. An underlying premise of corporate law, after all, is that the corporation will benefit financially if the corporate officers and shareholders comply with their fiduciary duties.
Therefore, this court refuses to amend its judgment. The plaintiffs counsel is to submit the fee request within 14 days.
There is no merit to the defendants’ other arguments. Therefore, the defendants’ motion to amend the judgment is Denied.